## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BRANDON J. CORDS,                    )
                                     )
                    Petitioner,      )
                                     )
v.                                   )        No. CIV-21-76-R
                                     )
RICK WHITTEN, Acting Warden          )
                                     )
                    Respondent.      )

## ORDER

The matter before the Court is the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner Brandon J. Cords, a state inmate appearing *pro se*. Petitioner is currently imprisoned under a state court judgment entered against him in the District Court of Kay County, Case No. CF-2014-654. Doc. No. 9 at 1–2. Despite being granted an extension of time by the magistrate judge, Petitioner did not file a Reply. Doc. No. 12. Having reviewed the Petition [Doc. No. 1], the Response [Doc. No. 9], and the relevant state court filings and transcripts, the Court finds that Petitioner is not entitled to federal habeas relief and therefore DENIES the petition.

## Background

In the late hours of August 19, 2014, Petitioner was drinking beers with several friends at Frank James' and Laura Mora's home in Ponca City, Oklahoma. Trial Tr. vol. I at 172, 218. In addition to Mr. Cords, Ms. Mora, and Mr. James, three other people were present: Tyler Truelove, Richard Leterle, and Ammie Widener. *Id*. at 171–172, 217–18. The group discussed their financial issues and decided to commit a robbery. *Id*. Mr. Leterle

told his friends that he knew a disabled man, Max Gillogly, who owned many firearms and a coin collection. *Id.* The group formed a plan to rob Mr. Gillogly, and they left the home in a vehicle to execute the burglary. *Id.* at 218–22.

In the early morning hours of August 20, 2014, Petitioner, Mr. Truelove, and Mr. James, wearing masks and carrying firearms, broke into the victim's home. *Id.* at 173, 220. Mr. Gillogly is not able to move around easily without the assistance of a wheelchair. *Id.* at 123. He was thus bed-bound during the entirety of the robbery. *Id.* at 138. Petitioner, Mr. Truelove, and Mr. James woke the victim and demanded to learn the location of his valuables and how to access a safe in his garage. *Id.* at 127–128, 137–38. The two women, Ms. Mora and Ms. Widener, remained in the vehicle, while Mr. Leterle, whose father was Mr. Gillogly's best friend, stayed out of the victim's sight, fearful Mr. Gillogly might recognize him. *Id.* at 220–22.

They managed to find many rare coins, firearms, and ammunition. *Id.* at 133, 176–77. However, Mr. Truelove became frustrated that they could not open the garage safe and, in an effort to learn how to access the safe, beat Mr. Gillogly with a baseball bat. *Id.* at 138. After approximately forty-five minutes spent ransacking the victim's home, the men began moving the stolen goods to their vehicle. *Id* at 139. It was around this time that Mr. Truelove fired his weapon at Mr. Gillogly, and he missed his intended target. *Id.* at 139.

The burglars drove the stolen goods back to the James and Mora home. *Id.* at 178; Trial Tr. vol. II at 107. Mr. Truelove, Mr. Leterle, and Mr. James then left to spend some of the stolen coins at a nearby casino. *Id.* at 178, 225. Additionally, Mr. Truelove liquidated

some coins at a local bank, and Ms. Widener cashed in some coins at a Walmart and purchased a firearm cleaning kit. Trial Tr. vol. II at 24, 27.

These activities led law enforcement to Ms. Widener, who cooperated with their investigation. *Id*. at 75–80. She led them to a trailer where the police found a bag full of coins, various medications belonging to Mr. Gillogly, and a pistol. *Id*. Mr. James testified at trial that the pistol was the same one used by Mr. Truelove when he shot at the victim. Trial Tr. vol. I at 173. The weapon also matched a shell casing found in Mr. Gillogly's bedroom. Trial Tr. vol. II at 50–51. Police arrested Mr. Leterle in the days following the burglary when they pulled him over and found a box full of the victim's coins. *Id*. at 84–85. Later, Petitioner and Ms. Mora took several of the stolen firearms to the home of Jesse Epperly to sell the weapons. *Id*. at 112, 147–49.

Police obtained a search warrant for the James and Mora home. *Id*. at 43. There, they found Petitioner and a backpack he admitted was his. *Id*. at 154–155. The backpack contained a black spiderman mask, a gun cleaning kit that matched the description of the one Ms. Widener purchased at Walmart, a holster, and 9mm ammunition. *Id*. at 46–49. Police found a pistol that matched the ammunition and holster found in Mr. Cords' backpack under the couch cushion where he was sitting. *Id*.

Mr. James and Mr. Leterle took plea agreements and testified against Mr. Cords and Mr. Truelove at their trials. Trial. Tr. vol. I at 187, 227. Ms. Widener pled no contest to a charge of knowingly concealing stolen property. *See State of Oklahoma v. Ammie Michelle*

*Widener*, CF-2016-626 (D. Kay Cty. 2014).[1] Mr. Truelove was found guilty of conspiracy in *State of Oklahoma v. Tyler Leroy Truelove*, CF-2014-653 (D. Kay Cty. 2014).[2]

As for Petitioner, a jury found him guilty of four counts: (1) conspiracy in violation of Okla. Stat. tit. 21 § 421; (2) robbery with a dangerous weapon in violation of Okla. Stat. tit. 21 § 801; (3) feloniously pointing a firearm in violation of Okla. Stat. tit. 21 § 1289.16; and (4) first degree burglary in violation of Okla. Stat. tit. 21 § 1431. Doc. No. 9-1 at 1. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction and sentence on direct appeal. *Id.* at 6. Petitioner, proceeding *pro se*, filed his Application for Post-Conviction Relief with the sentencing court. Doc. No. 9-4. The OCCA found these claims were, or could have been raised in his appeal, so it dealt only with his ineffective assistance of appellate counsel claim. Doc. No. 9-7. The criminal appellate court found his attorney was not constitutionally inadequate and denied post-conviction relief. *Id*. Mr. Cords then timely filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

### I.   Legal Framework

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of petitioner's habeas petition. *See* 28 U.S.C. § 2254. Under the AEDPA, a federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. § 2254(a); *see*

---

[1] Available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=kay&number=CF-2014-00626&cmid=28015 (last accessed March 14, 2022).

[2] Available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=kay&number=CF-2014-00653&cmid=28042 (last accessed March 7, 2022).

*Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment subject to collateral attack in the federal courts.").

If the state appellate court adjudicated the claims on the merits, a federal court can grant relief only if the petitioner first demonstrates that the OCCA's adjudication of those claims "resulted in a decision that" either (1) "was contrary to . . . clearly established Federal law" (2) involved "an unreasonable application of clearly established Federal law" or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" 28 U.S.C. §2254(d). "A state-court decision is only contrary to clearly established federal law if it 'arrives at a conclusion opposite to that reached by' the Supreme Court, or 'decides a case differently' than the Court on a 'set of materially indistinguishable facts.'" *Wood v. Carpenter*, 907 F.3d 1279, 1289 (10th Cir. 2018) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "A state court's decision unreasonably applies federal law if it 'identifies the correct governing legal principle' from the relevant Supreme Court decisions but applies those principles in an objectively unreasonable manner." *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)). But "a state court's application of federal law is only unreasonable if 'all fair-minded jurists would agree the state court decision was incorrect.'" *Wood*, 907 F.3d at 1289 (quoting *Frost v. Pryor*, 749 F.3d 1212, 1225 (10th Cir. 2014)). Lastly, "a state court decision unreasonably determines the facts if the state court 'plainly misapprehend[ed] or misstate[d] the record in making [its] findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim.'" *Id.* (quoting *Byrd v. Workman*, 645 F.3d 1159, 1170–72 (10th Cir. 2011)) (alterations in original). In considering a challenge to the state court's

factual findings, a federal court must presume those findings are correct unless the petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

If the state court denied the petitioner's federal claims on procedural grounds, without reaching the merits, those claims are procedurally defaulted for purposes of federal habeas review. Ordinarily, "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). A state procedural rule "is independent if it is separate and distinct from federal law," and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796–97 (10th Cir. 1998) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)). An anticipatory procedural default applies "where a petitioner fails to exhaust a claim and we, as a federal court, nonetheless conclude that the claim would be procedurally defaulted on remand." *Williams v. Trammell*, 782 F.3d 1184, 1212 (10th Cir. 2015).

With this legal framework in mind, the Court turns to Petitioner's claims.

## II.    Analysis

Petitioner seeks habeas relief on seven grounds:

(1)   prosecutorial misconduct;

(2)   lack of corroboration for perjurious testimony;

(3)   violation of his right to be free from multiple punishments stemming from the same crime;

(4)   evidence of other crimes biased the jury in violation of the Fourteenth Amendment's due process clause;

(5)   judicial misconduct;

(6)   ineffective assistance of trial counsel; and

(7)   denial of his right to confront witnesses.

Doc. No. 1. Respondent argues the grounds do not justify habeas relief, either because they are not cognizable, procedurally defaulted, or they have been adjudicated on the merits by the OCCA, and that those decisions are not contrary to or an unreasonable application of federal law. Doc. No. 9.

### a.  Ground One: Prosecutorial Misconduct

In Proposition VII of his direct appeal, Petitioner argued prosecutorial misconduct deprived him of due process. Doc. No. 9-2 at 46–49. The OCCA rejected this proposition. Doc. No. 9-1 at 5. Petitioner argues that the prosecutor acted improperly by: (1) proffering a personal opinion of his guilt in his opening statement; and (2) vouching and bolstering the State's witnesses. Doc. No. 1 at 6–7. Respondent counters that the OCCA did not act contrary to or unreasonably apply clearly established federal law when it found on direct appeal there was no prosecutorial misconduct during Mr. Cords' trial. The Court agrees with the Respondent.

Prosecutorial misconduct can cause constitutional error in two ways. *Underwood v. Royal*, 894 F.3d 1154, 1167 (10th Cir. 2018). First, it can prejudice a specific constitutional right, amounting to a denial of the right. *Id*. Second, "absent infringement of a specific constitutional right, a prosecutor's misconduct may in some instances render a . . . trial 'so

7

fundamentally unfair as to deny [a defendant] due process.'" *Littlejohn v. Trammell*, 704 F.3d 817, 837 (10th Cir. 2013) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974)). An inquiry into fundamental fairness requires examination of the proceedings, including the strength of the evidence against Petitioner, both as to guilt at trial and moral culpability at sentencing. *See Donnelly*, 416 U.S. at 643; *Fero v. Kerby*, 39 F.3d 1462, 1474 (10th Cir. 1994). Under the AEDPA, Mr. Cords must show the OCCA's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 47 (2012) (internal quotation marks and citation omitted).

Petitioner's first argument is that the prosecutor provided the jury with his own opinion regarding the existence of the conspiracy when he stated, "I believe after you hear the evidence . . . you'll find that . . . there is direct and circumstantial evidence to show that [Petitioner] . . . was indeed a co-conspirator." Trial Tr. vol. I at 116. Because no objections were made at trial, the OCCA evaluated Mr. Cords' claim based on the plain error standard. The Tenth Circuit Court of Appeals has found "no practical distinction" between the formulations of plain error used by the OCCA and the federal due process test, requiring reversal only when an error "'so infused the trial with unfairness as to deny due process of law.'" *Thornburg v. Mullin*, 422 F.3d 1113, 1125 (10th Cir. 2005) (quoting *Estelle v. McGuire*, 502 U.S. 62, 75 (1991)). Because the OCCA applied the same test federal courts use when making a due process determination, this Court defers to its ruling unless it

"unreasonably appli[ed]" that test. *Thornburg*, 422 F.3d at 1125 (citing 28 U.S.C. § 2254(d)).

Here, the OCCA found the prosecutor's statement regarding the existence of the conspiracy was not an improper opinion when it evaluated this claim on direct appeal. Doc. No. 9-1 at 5. Petitioner has not provided the Court with any argument as to how the OCCA misapplied its plain error doctrine when coming to that conclusion. The undersigned has further closely examined the record and found the OCCA reasonably applied its plain error standard when it held the prosecutor's statements did not deny Petitioner a fundamentally fair trial. Consequently, the Court denies habeas relief on Mr. Cords' first prosecutorial misconduct claim.

Petitioner next argues that the prosecutor improperly vouched for the state's witnesses. In his closing statement, the prosecutor argued that Petitioner's co-conspirators were reliable witnesses by stating:

> [T]heir deal was to tell the truth. . . . So do they have an interest of lying on the stand? You have to consider that. But I'd submit to you that the evidence is that they had no . . . interest other than telling the truth.

Trial Tr. vol. II at 174. It is improper for a prosecutor to engage in "vouching," or "an assurance by the prosecuting attorney of the credibility of a government witness through personal knowledge or by other information outside of the testimony before the jury." *Littlejohn*, 704 F.3d at 837. "Argument or evidence is impermissible vouching only if the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witness' veracity or

by implicitly indicating that information not presented to the jury supports the witness'
testimony." *United States v. Bowie*, 892 F.2d 1494, 1498 (10th Cir. 1990).

Petitioner alleges the prosecutor improperly vouched for the credibility of his
witnesses by mentioning their plea deals with the alleged goal of rehabilitating witnesses
who were known liars. The OCCA disagreed, finding the state's conduct was proper. Doc.
No. 9-1 at 5. The prosecution referenced only direct witness testimony in which the
witnesses informed the jury about their plea agreements and their prior fraudulent
testimony. Trial Tr. vol. I at 177, 180–82, 183–88, 227–28, 236–39, 248, 250. The OCCA
held that the prosecutor had made no plain or obvious error by proffering these arguments.
Doc. No. 9-1 at 5. It further found that there were no prosecutorial errors that rendered
Petitioner's trial fundamentally unfair. *Id*. Having examined the record, the Court agrees.
The jury was aware of the criminal histories of, and prior false statements made by, the
state's witnesses and credited them regardless. The prosecutor did nothing more than
elaborate on facts in the record during his opening and closing arguments. Highlighting
issues of credibility, in short, is not tantamount to vouching. *Hanson v. Sherrod*, 797 F.3d
810, 838 (10th Cir. 2015). Therefore, the Court denies habeas relief based on Petitioner's
improper vouching claim. Additionally, because Petitioner's argument fails on both of his
prosecutorial misconduct claims, the Court denies § 2254 relief on Ground One.

### b.  Ground Two: Insufficient Corroborating Evidence of the Conspiracy

Petitioner argues that his participation in the conspiracy lacked corroborating
evidence. He claims his conviction was based solely on the testimony of known liars and
no physical evidence tied him to the crimes. Doc. No. 1 at 9. Respondent asserts the state

law corroboration requirement for co-conspirator testimony is not a cognizable ground for habeas relief. The Court agrees with Respondent.

Oklahoma law requires corroboration of co-conspirator testimony. Okla. Stat. tit. 22, § 742. Petitioner has not identified a Supreme Court decision establishing a constitutional requirement that the testimony of a co-conspirator be corroborated, and the Tenth Circuit Court of Appeals has held there is no such requirement. *Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007); *Foster v. Ward*, 182 F.3d 1177, 1193 (10th Cir. 1999). *See also Harrington v. Nix*, 983 F.2d 872, 874 (8th Cir. 1993) ("[S]tate laws requiring corroboration do not implicate constitutional concerns that can be addressed on habeas review."). Because federal law does not require independent corroboration of testimony by co-conspirators, the OCCA's rejection of this claim is consistent with established federal law. Ground Two of the petition fails.

### c. Ground Three: Multiple Punishments for the Same Offense

In his third claim, Petitioner asserts that he has been unlawfully punished twice for the same offense in violation of Okla. Stat. tit. 21 § 11. Doc. No. 1 at 10. Specifically, Mr. Cords argues that count one, Robbery with a Dangerous Weapon, and count two, Felonious Pointing of a Firearm, are the same offense. *Id*. The OCCA rejected this claim on the merits during Mr. Cords' direct appeal. Doc. No. 9-1 at 3–4. It found Petitioner's sentence did not violate Oklahoma law or the Double Jeopardy Clause of the Fifth Amendment. *Id*. Respondent argues that Petitioner's state law claim is not a cognizable claim for habeas relief, and that the OCCA's ruling regarding the Double Jeopardy clause is not contrary to

or an unreasonable application of clearly established Constitutional law. Doc. No. 9 at 21–22. The Court agrees with Respondent.

Pursuant to Oklahoma law, an Okla. Stat. tit. 21 § 11 multiple punishments analysis is "a separate matter, not involving double jeopardy issues." *Davis v. State*, 993 P.2d 124, 125 (Okla. Crim. App. 1999). Because this analysis solely involves a matter of state law, it does not provide grounds for federal habeas relief. *See Estelle*, 502 U.S. at 67–68. *See also El Mansouri v. Jones*, 235 F. App'x 713, 717 (10th Cir. May 24, 2007) (habeas petitioner's claim that convictions violated Oklahoma's statutory prohibition against double punishment involved purely matter of state law and could not serve as grounds for federal habeas relief); *Howell v. Kaiser*, 36 F. App'x 925, 927 (10th Cir. 2002) ("As to Mr. Howell's claim that his conviction for both possessing and pointing a firearm after former conviction of a felony violates Oklahoma law against double punishment, we agree with the magistrate judge and the district court that this issue is a matter of state law which is not cognizable in a federal habeas action."), Thus, Petitioner's Okla. Stat. tit. 21 § 11 claim is not cognizable in a federal habeas proceeding.

Petitioner also argues an interrelated double jeopardy claim. The double jeopardy clause of the Fifth Amendment prohibits "multiple punishments for the same offense." *Brown v. State of Ohio*, 432 U.S. 161 (1977) (citations omitted). "[W]here the same act or transaction constitutes a violation of two statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Okla. Stat. tit. 21 § 801 has eight elements: (1) wrongful; (2) taking;

(3) carrying away; (4) personal property; (5) of another; (6) from the person or the immediate presence of another; (7) by force or fear; (8) through the use of a firearm or other dangerous weapon. *See* OUJI-CR No. 4-144.[3] The elements of Okla. Stat. tit. 21 § 1289.16 are: (1) willfully; (2) pointing a loaded shotgun, pistol, or deadly weapon, whether loaded or unloaded; (3) at any person; (4) without lawful cause; (5) for the purpose of threatening or with the intention of discharging the firearm. *See* OUJI-CR 6-42.[4] These elements for the crimes are distinct, requiring different factual circumstances for the state to prove beyond a reasonable doubt. *See Blockburger*, 284 U.S. at 304. Okla. Stat. tit. 21 § 1289.16 requires the prosecutor to prove Petitioner pointed his weapon at a person, whereas Okla. Stat. tit. 21 § 801 does not requires the pointing of a firearm. Additionally, Okla. Stat. tit. 21 § 1289.16 does not require the carrying away of personal property, whereas Okla. Stat. tit. 21 § 801 does. Consequently, the OCCA's determination that Petitioner's sentence did not violate the double jeopardy clause of the constitution was not an unreasonable interpretation or application of federal law. Therefore, the Court denies habeas relief on Ground Three.

### d.  Ground Four: Evidence of Other Criminal Acts

In his fourth ground, Petitioner argues that he was deprived of a fair trial and due process of law. Mr. Cords' complaint focuses on the admission at trial of evidence regarding the testimony of co-conspirators that mentioned other robberies conducted by the group. Doc. 1 at 11–12. The State contends Petitioner did not present his due process

---

[3] Available at http://okcca.net/ouji-cr/4-144/ (last accessed March 14, 2022).

[4] Available at http://okcca.net/ouji-cr/6-42/ (last accessed March 14, 2022).

claim to the OCCA, and that because Petitioner has failed to allow the OCCA the opportunity to review his claims, he should be anticipatorily barred from arguing this claim in federal court. Doc. No. 9 at 27–28. However, the Court disagrees with the Respondent and finds Mr. Cords properly exhausted this claim on direct appeal. *See* Doc. No. 9-2 at 46. The OCCA reviewed Petitioner's alleged improper evidence of other crimes claim utilizing the Oklahoma plain error test. It found that there was no plain error and denied relief. *Id.*

Habeas corpus review of state claims regarding the admission of evidence is limited to the determination of whether the OCCA's resolution of the claim rendered Petitioner's trial so fundamentally unfair as to constitute a deprivation of constitutional rights. The OCCA's plain error review is equivalent to the federal due process test. *Thornburg*, 422 F.3d at 1125. Pursuant to Oklahoma law, reversal for plain error is only required when error "so infused the trial with unfairness as to deny due process of law." Habeas review of claims of improperly admitted evidence of other crimes requires the Petitioner to demonstrate the existence of a state law evidentiary error that was so unduly prejudicial that it rendered the trial fundamentally unfair. *See Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (holding the petitioner was "entitled to relief only if an alleged state-law error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process") (internal quotation marks and citation omitted).

In its summary opinion regarding Petitioner's direct appeal the OCCA found on the merits that the introduction of evidence of other crimes did not violate the Oklahoma plain error standard. Doc. No. 9-1 at 4-5. Petitioner has failed to put forth any argument or cite

any authority as to why the admission of the evidence fatally infected his trial with prejudice. Additionally, it is not the Court's role to evaluate whether the evidence was properly submitted to the jury pursuant to state law, only to ensure that such a submission was not contrary to or a violation of federal law. *Thornburg*, 422 F.3d at 1124. The Court has closely examined the trial record and found that the testimony at issue—tangential references to a gun that came from a different robbery [Trial Tr. vol. II at 140–141]—did not render Mr. Cords' trial fundamentally unfair. Therefore, the OCCA did not unreasonably apply the federal due process test. For that reason, the Court denies § 2254 habeas relief on Ground Four.

### e. Ground Five: Judicial Misconduct

In Ground Five, Petitioner argues that judicial misconduct deprived him of a fair trial. This ground seems to be taken from several arguments made to the OCCA in previous proceedings and centers on claims that the trial court: (1) allowed biased jurors to serve; (2) allowed jurors to determine the relevancy of evidence; (3) allowed the state to explain the jury instructions; and (4) failed to respond to Petitioner's letters. Doc. 1 at 15. Claims (1) and (2) are defaulted in habeas proceedings due to an anticipatory procedural bar because they have not been, and now cannot be, properly raised before the OCCA. In the alternative, claim (2) has been adjudicated by the OCCA on the merits pursuant to state law and its decision does not violate the essence of due process. Petitioner raised claims (3) and (4) for the first time during post-conviction proceedings, and they are procedurally defaulted for the purposes of a federal habeas review. *Davila*, 137 S. Ct. at 2064.

**1. Claims (1) and (2) are Subject to an Anticipatory Procedural Bar. In the Alternative, the OCCA Decided Claim (2) on State Law Grounds and Did Not Violate the Essence of Due Process.**

"[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila*, 137 S. Ct. at 2064. "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Exhaustion requires that the claim be 'fairly presented' to the state court, which 'means that the petitioner has raised the "substance" of the federal claim in state court.'" *Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009) (quoting *Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006)). "[A] federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *see also Williams*, 782 F.3d at 1210 (stating that fair presentation "requires that the petitioner raise in state court the substance of his federal claims . . . includ[ing] not only the constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief") (internal quotation marks and citation omitted).

If a claim is unexhausted, a federal court generally dismisses it without prejudice "so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 892 (10th Cir. 2018) (internal quotation marks and citation omitted). But "dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state

procedural grounds." *Id.* (internal quotation marks and citation omitted). "Oklahoma requires a post-conviction relief applicant to raise all grounds for relief which he actually knows or should have known through the exercise of due diligence in his original application for relief." *Williams*, 782 F.3d at 1212 (citing Okla. Stat. tit. 22, § 1086 ("All grounds for relief available to an applicant . . . must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised . . . may not be the basis for a subsequent application . . . .")). Where a petitioner would be required to present his claims to the OCCA "in order to meet the exhaustion requirement" and the OCCA would find those claims procedurally barred, "there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), holding modified on other grounds by *Martinez v. Ryan*, 566 U.S. 1 (2012); *see also Williams*, 782 F.3d at 1212 (explaining that anticipatory procedural default applies "where a petitioner fails to exhaust a claim and we, as a federal court, nonetheless conclude that the claim would be procedurally defaulted on remand").

A prisoner cannot overcome the procedural bar unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (internal quotation marks and citation omitted). Petitioner must show "prejudice arising from the errors that form the basis of [his] substantive claims" in order

to establish the prejudice prong. *Smith v. Allbaugh*, 921 F.3d 1261, 1271 (10th Cir. 2019) (internal quotation marks omitted). The fundamental miscarriage of justice exception to procedural default "is a markedly narrow one, implicated only in extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (internal quotation marks omitted). Mr. Cords has not asserted that he is actually innocent in his habeas petition, therefore the Court will not engage in an actual innocence analysis.

The first of Petitioner's arguments alleges the trial court erred by allowing biased jurors to serve. Doc. No. 1 at 15. The Respondent counters that this argument is unexhausted as it was never properly raised before the OCCA. Doc. No. 9 at 36–38. Mr. Cords believes this claim was properly exhausted on direct appeal. Doc. No. 1 at 15. The Court has examined the record and finds that Petitioner has not exhausted his claim. He is consequently subject to an anticipatory procedural bar.

On direct appeal, Petitioner made a cursory comment in his brief that the trial court had erred in allowing two jurors to serve who allegedly had conflicts of interest. He stated, "the trial court erred in forcing the defense to use a peremptory challenge [on these jurors] . . . ." *See* Doc. No. 9-2 at 53. However, this comment was made on direct appeal in an ineffective assistance of trial counsel proposition. *See Id*. at 50–57. To fairly present a claim, "a federal habeas petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Grant*, 886 F.3d at 890 (10th Cir. 2018) (quotation marks, citation and brackets omitted). "The crucial inquiry is whether the substance of the petitioner's claim has been presented to the

18

state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Id.* (quotation marks and citation omitted).

> When appealing to the OCCA, a party must ensure:
>
> Each proposition of error shall be set out separately in the brief. Merely mentioning a possible issue in an argument or citation to authority does not constitute the raising of a proposition of error on appeal. Failure to list an issue pursuant to these requirements constitutes waiver of the alleged error.

OCCA Rule 3.5(A)(5), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (Supp. 2019).

Petitioner's cursory reference to a judicial error, made in a direct appeal proposition addressing ineffective assistance of counsel, does not comport with Rule 3.5(A)(5). Indeed, the OCCA did not address the judicial claim, discussing only Mr. Cords' ineffective assistance of counsel proposition in its summary opinion. *See*. Doc. No. 9-1 at 5. Claims that have not been addressed on direct appeal by the OCCA are deemed waived in applications for post-conviction relief. *See Cole v. Trammell*, 755 F.3d 1142, 1176 (10th Cir. 2014) (holding that a habeas ground that was only mentioned in a footnote on direct appeal was not exhausted and thus procedurally defaulted for the purposes of federal habeas review); *see also Maines v. State*, 597 P.2d 774, 775-76 (Okla. Crim. App. 1979); *see also Fox v. State*, 880 P.2d 383, 384 (Okla. Crim. App. 1994). The OCCA also "strictly [and] regularly follow[s] and applie[s] [this rule] evenhandedly to all similar claims." *Duvall*, 139 F.3d at 796–97 (internal quotation marks and citation omitted). Because the claim was not made on direct appeal, and the OCCA would deem as waived any further attempt to bring this argument before it, Petitioner's biased jury judicial misconduct

allegation is subject to an anticipatory procedural bar. Mr. Cords does not acknowledge the anticipatory procedural bar in his petition, nor can he overcome it by arguing cause and prejudice during his appellate review. Accordingly, the Court finds Petitioner has defaulted on his claim for habeas relief that biased jurors allegedly served on his panel.

In his second judicial misconduct contention, Mr. Cords argues that the trial court erred by allowing the jury to determine the relevance of evidence during deliberation. Petitioner seems to be referring to an allegation in proposition five of his direct appeal in which he argued the trial court improperly allowed the jury to consider the contents of his backpack. Doc. No. 9-2 at 41-44. The issue stemmed from a jury question asking whether they were "to consider the contents of the backpack as evidence even though the bulk of [the contents] were not presented/discussed in court." Doc. 9-9 at 2. Mr. Cords on appeal argued the contents were not relevant, and that it was not the jury's role to decide their relevance. Doc. No. 9-2 at 41-44. The OCCA treated this claim as an admission of evidence issue and denied it on the merits. Doc. No. 9-1 at 4.

If Petitioner is raising a discrete claim that the trial court acted improperly by responding to the jury question, this claim has not been exhausted and is subject to an anticipatory procedural bar. Petitioner merely mentions this theory in one sentence during his direct appeal. Doc. No. 9-2 at 42–43. Indeed, the OCCA ruled only on the admissibility of the backpack and its contents based on state evidentiary law, never acknowledging that Mr. Cords had raised a constitutional claim. Doc. No. 9-1 at 4. As fully quoted above, OCCA Rule 3.5(A)(5) requires that Petitioner lay out his claims separately or he permanently waives those claims. Consequently, Mr. Cords' constitutional argument

would be deemed waived by the OCCA in post-conviction proceedings. *See Maines*, 597 P.2d at 775–76; *see also Fox*, 880 P.2d at 384. This rule is strictly and regularly applied evenhandedly in all similar claims. *Duvall*, 139 F.3d at 796–97. Therefore, unless Petitioner can demonstrate cause and prejudice, he is subject to an anticipatory procedural bar and he defaults on this habeas claim. *Coleman*, 501 U.S. at 750.

Here, Petitioner does not acknowledge the anticipatory procedural bar, nor does he allege cause or prejudice. Further, the Court has carefully reviewed the record and finds that Petitioner had the opportunity both at trial and on direct appeal to raise this issue, but he did not. Consequently, the application of an anticipatory procedural bar is appropriate, and Petitioner has defaulted on this claim. The Court, therefore, denies habeas relief on the argument that the trial court erred by instructing the jury to determine the relevance of Mr. Cords' backpack in his case.

To the extent that Petitioner seems to be re-raising proposition five of his direct appeal, the OCCA, utilizing its plain error standard, found that the backpack and its contents were properly admissible and relevant under state law. Doc. No. 9-2 at 4. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law . . . a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 52 U.S. at 67-68. The Court, therefore, must defer to the state court's decisions on matters of state law. *See Gonzales v. Tafoya*, 515 F.3d 1097, 1126–27 (10th Cir. 2008). Accordingly, Petitioner must show that "the alleged error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th

Cir. 2002) (quotation marks and citation omitted). Here, Mr. Cords has not shown that the trial court's decision infected his trial with any form of prejudice, much less prejudice that denied him a fundamentally fair trial. The backpack contained a spiderman mask, which may have been used in the robbery, a pistol holster, ammunition, a gun cleaning kit, and drug paraphernalia. Trial Tr. vol. II at 44–48. The OCCA therefore reasonably concluded that this evidence was properly admitted.

### 2. Claims (3) and (4) are Procedurally Barred.

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman*, 501 U.S. at 729). "The doctrine applies to bar federal habeas [relief] when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729–30; *see also Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012) ("When a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them"). Petitioner may overcome a procedural bar if he can "demonstrate cause for the default and actual prejudice". *Coleman*, 501 U.S. at 750. To show "cause", Mr. Cords' must demonstrate that an "objective factor external to the defense" prevented him from complying with the state procedural rule. *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Petitioner argues in claim (3) that the trial court erred by allowing the prosecutor to discuss the jury instructions in his closing argument. Doc. No. 1 at 15. In claim (4), Mr. Cords argues the judge committed misconduct by not responding to his letters. *Id.* Petitioner raised these claims for the first time during post-conviction proceedings. Doc. No. 9-6 at 14, 15–16. The OCCA barred both of these claims on state law grounds for failing to comply with Oklahoma's requirement pursuant to *Fowler v. State*, 896 P.2d 566, 569 (Okla. Crim. App. 1995) (citing Okla. Stat. tit. 22 § 1086) that all claims that could have been raised on direct appeal, but were not, are deemed waived during post-conviction proceedings.

Here, Mr. Cords has not acknowledged the procedural bar to either of his claims, and he has not shown any cause or prejudice that hindered him from bringing these claims on direct appeal.  Accordingly, the Court denies Petitioner habeas relief on claims (3) and (4) of Ground Five. The Court furthermore denies § 2254 relief on Ground Five of the petition because Mr. Cords is anticipatorily or procedurally barred from raising his claims in these proceedings.

### f. Ground Six: Ineffective Assistance of Trial Counsel

In Ground Six of his petition, although Mr. Cords titles his various complaints "Ineffective Assistance of Counsel", he argues only that his trial counsel was ineffective. He fails to allege ineffective assistance of appellate counsel anywhere in his petition.[5] Consequently, the Court only examines Petitioner's claims that his trial counsel:

---

[5] Petitioner did raise ineffective assistance of appellate counsel in his post-conviction proceedings, however, has not raised such allegations on habeas review. *See* Doc. No. 9-4 at 6.

(1) failed to challenge biased jurors[6];

(2) failed to enforce his own motion *in limine* regarding other crimes evidence;

(3)  denied Petitioner access to discovery;

(4) failed to communicate adequately with Petitioner about his case;

(5) failed to object to Detective Tom Burg's presence in the courtroom while other witnesses testified and failed to properly cross examine Detective Burg;

(6) failed to inform the jury that Mr. Truelove's case had been dismissed when the prosecutor introduced evidence of his involvement in the conspiracy;

(7) failed to present a defense by failing to call Mr. Cords' mother to testify, failing to call undefined other witnesses, failing to present a receipt allegedly confirming Petitioner was in another town after the robbery, failing to argue the possibility that another group of criminals committed the crime, and failing to introduce inconclusive DNA and forensic evidence;

(8) failed to cap the sheriff's transportation and incarceration fees at two years.

Doc. No. 1 at 15. Mr. Cords' claims in Ground Six can be grouped by when they were addressed by the OCCA. The OCCA addressed claim (1) on the merits during direct appeal. Doc. No. 9-1. Claims (2)–(8) were raised in Petitioner's post-conviction proceedings [Doc. No. 9-6 at 15–19], and the OCCA denied relief by finding Petitioner had waived these arguments when he failed to raise them on direct appeal. Doc. No. 9-7 at 3–4.

---

[6] Petitioner reraises his prosecutorial misconduct claim, evidence challenges, witness testimony challenges, and double jeopardy argument under the theory that they are also form the basis for habeas relief umbrellaed under an ineffective assistance of counsel claim. The Court has already adjudicated these underlying arguments for relief in its earlier analysis and found the OCCA acted in accordance with federal law. The Court, therefore, will not readdress these claims here.

### 1. The OCCA's Holding on Claim (1) Was Not Contrary to or an Unreasonable Application of Federal Law

The burden on a habeas petitioner when pursuing an ineffective assistance of trial counsel claim is "particularly difficult." *Johnson v. Carpenter*, 918 F.3d 895, 900 (10th Cir. 2019). Utilizing deference under the AEDPA, a habeas petitioner is not entitled to relief on his claim of ineffective assistance of trial counsel unless he demonstrates that the OCCA's adjudication was contrary to, or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). "'[T]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.'" *Johnson*, 918 F.3d at 900, (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)). The Court's only task is to determine "whether reasonable jurists could agree with the OCCA that [the attorney] acted reasonably." *Id*.

The Court will sustain an ineffective assistance of counsel claim only when: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel[;]'" and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. *Strickland*, 466 U.S. at 687–88. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. In making this determination, the Court must "judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense

after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id*. at 689.

To establish the second prong, Petitioner must show that his counsel's deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. The likelihood of a different result "must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. *Strickland*, 466 U.S. at 700. Thus, it is not always necessary to address both *Strickland* prongs.

On direct appeal, Petitioner argued that several jurors were biased against him because one juror was related to law enforcement officers and two jurors worked for RCB Bank, as did one of the state's witnesses. Doc. No. 9-2 at 50-52. The OCCA rejected this claim. Doc. No. 9-1 at 5. The first juror, who had family in law enforcement, stated on the record that she could impartially fulfill her role as a juror despite her family connections. Trial Tr. vol. I at 29. The two jurors who worked for the same bank as a government witness felt they could properly and impartially fulfill the role of jurors. *Id*. at 66–67. Petitioner points to no case law that finds an attorney who fails to remove jurors who claim they can uphold the standards of a fair and impartial jury is ineffective. Therefore, the OCCA did not act contrary to or misapply federal law when it decided Mr. Cords' attorney was not

constitutionally ineffective based on his actions during jury selection. *Strickland*, 466 U.S. at 687. The Court accordingly denies habeas relief on claim (1) of Ground Six.

### 2. Claims (2)-(8) are Procedurally Barred

Petitioner first raised his other claims before the OCCA during post-conviction proceedings. Doc. No. 9-6 at 15–19. The OCCA deemed these claims waived because Mr. Cords had not raised them during his direct appeal. Doc. No. 9-7 at 3–4. The denial was additionally based on an independent and adequate state procedural rule. Therefore, unless Petitioner can show cause and prejudice, his claims will be subject to a procedural bar and deemed defaulted in his habeas proceeding. *Coleman*, 501 U.S. at 735, 750, n.1. Mr. Cords could overcome such a bar in by demonstrating cause and prejudice, however he has failed to do so. One potential cause Petitioner could have raised would have been ineffective assistance of appellate counsel on direct appeal. However, despite having the opportunity to reply in these proceedings, Mr. Cords has not raised this argument. Additionally, the Court has scrutinized the petition and found that it never mentions ineffective assistance of appellate counsel. Thus, Petitioner has procedurally defaulted on claims (2)-(8). Furthermore, because Mr. Cords has defaulted on all his ineffective assistance of trial counsel claims, the Court denies habeas relief on Ground Six.

### g. Ground Seven: Right to Confront Witnesses

Petitioner, in his final ground, argues that he was denied the right to confront witnesses, namely the potentially hearsay statements made by Mr. Truelove, Ms. Widener, and Markie Burgess. He raised this claim for the first time on post-conviction review, and the OCCA refused to consider relief because he waived this claim by failing to include it

in his direct appeal. Doc. No. 9-7 at 2–4.  This denial was based on an independent and adequate state procedural rule as discussed above. Therefore, unless Petitioner can show cause and prejudice, his claims will be subject to a procedural bar and deemed defaulted in his habeas proceeding. *Coleman*, 501 U.S. at 735 n.1, 750. Mr. Cords, again, fails to argue that there was a cause or prejudice that would enable him to overcome the procedural bar. Consequently, the Court denies habeas relief on Ground Seven.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may issue a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court rejects the merits of petitioner's constitutional claims, he must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above, Petitioner has not made the requisite showing on any of his claims. The Court therefore denies a certificate of appealability.

## Conclusion

For the reasons stated above, the Court DENIES the Petition for Writ of Habeas Corpus [Doc. No. 1] and declines to issue a Certificate of Appealability. Judgment shall be entered accordingly.

**IT IS SO ORDERED** on this 21st day of March 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE